DA 09-0462

IN THE SUPREME COURT OF THE STATE OF MONTANA

2010 MT 22N

STERLING SAVINGS BANK,

      Plaintiff and Appellee,

   v.

STEVEN R. SHELLEY,

      Defendant and Appellant.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. CV 2008-1101
Honorable Kathy Seeley, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Steven R. Shelley (Self-Represented), Helena, Montana

      For Appellee:

          Mark A. Ellingsen, Witherspoon, Kelley, Davenport & Toole, P.S.,
          Coeur d'Alene, Idaho

Submitted on Briefs:  January 20, 2010

Decided:  February 3, 2010

Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2006, the following memorandum decision shall not be cited as precedent.  It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Steven Shelley (Shelley) appeals the First Judicial District Court's grant of summary judgment to Sterling Savings Bank (Sterling or Bank).  He also appeals the District Court's award of Sterling's attorney fees and costs.  We affirm.

## ISSUES

¶3      The issues on appeal are:

¶4      Did the District Court err in granting summary judgment to Sterling or abuse its discretion in awarding Sterling attorney fees and costs?

¶5      Did the District Court violate Shelley's right to due process?

## FACTUAL AND PROCEDURAL BACKGROUND

¶6      In March 2006, Shelley borrowed $35,943.50 from Sterling to purchase a pickup truck.  Under the installment contract with the Bank, Shelley agreed to make monthly payments beginning May 2006.  Shelley stopped making payments before he had paid off the loan.  Sterling therefore repossessed the car, resold it in March 2008 and applied the net proceeds to Shelley's indebtedness.   Shelley claims that Sterling subsequently

2

contacted him offering to arrange a payment plan with respect to the deficiency, and that Shelley made a $200 payment on October 3, 2008.

¶7      Two weeks after issuing the $200 check to Sterling, Shelley moved from a Custer Avenue address (the address that was printed on his check to Sterling) to a Glass Drive address.   On October 31, 2008, Sterling sent a demand letter to Shelley demanding approximately $8,000, representing the remaining principal plus interest, late charges and repossession fees.   While Sterling's demand letter was sent by certified mail to Shelley's former Custer Avenue address, he nonetheless received the letter and indicated his Glass Drive address on the return receipt.

¶8      Shelley did not pay Sterling as requested in its demand letter.   On December 11, 2008, Sterling filed suit against Shelley for breach of the loan agreement.   The summons and Complaint were served on Shelley at his correct Glass Drive address.   Shelley, representing himself, filed an Answer to Sterling's Complaint.

¶9      Subsequently, in early spring 2009, Lewis and Clark County re-designated Glass Drive as Pothole Drive and indicated that no change of address needed to be filed with the post office.   There is no evidence that Shelley notified the Bank or the court of this re-designation.   All pleadings filed by Sterling subsequent to service of the Summons and Complaint were mailed to Shelley's former Custer Avenue address.

¶10     In April 2009, Sterling moved for summary judgment on the loan amount and also sought attorney fees and costs.   Shelley does not state in his brief whether or not he received Sterling's summary judgment motion; in any event, he did not respond to it. The District Court scheduled a summary judgment hearing for July 20, 2009.   The record

3

reveals that Sterling mailed notice of the hearing to Shelley on April 28. Shelley claims he did not receive notice of the hearing, and therefore did not appear. Additionally, he left for vacation on July 23, 2009, and did not return until August 6, 2009. The hearing was held on July 20, at the conclusion of which the court granted Sterling's motion.

¶11 Subsequently, Sterling submitted a Bill of Costs and Fees. On July 30, 2009, the District Court entered judgment against Shelley in the sum of $8,351.28 plus continually accruing interest until the date judgment is paid. In August 2009, the court awarded fees and costs to Sterling in the amount of $1,783.35. Upon his return from vacation on August 6, Shelley received notice by U.S. mail of the court's order on summary judgment, a notice of judgment, and the Bill of Costs and Fees. He appealed on August 26, 2009.

## STANDARD OF REVIEW

¶12 We review a district court's grant or denial of summary judgment de novo applying the same criteria of M. R. Civ. P. 56 as did the district court. *Smith v. Burlington Northern & Santa Fe Ry.*, 2008 MT 225, ¶ 10, 344 Mont. 278, 187 P.3d 639 (citations omitted).

## DISCUSSION

¶13 Shelley asserts that the court proceeding violated his right to due process. However, he expressly avers he does not fault the Bank or the District Court for his failure to receive notice of the hearing. Sterling counters that Shelley's due process argument was never presented to the District Court. As a result, Sterling argues he is raising an argument for the first time on appeal, in violation of established caselaw.

4

Moreover, Sterling posits, Shelley did not seek available relief under M. R. Civ. P. 60 (Rule 60), from the District Court's order and Judgment.

¶14 We conclude Shelley is procedurally barred from presenting his argument on appeal. First, he assigns no error to the District Court. Where an appellant fails to establish error by the district court, we must affirm the district court. Second, he raises arguments for the first time on appeal. As we have stated on numerous occasions, "[w]e generally refuse to address issues raised for the first time on appeal because it is fundamentally unfair to fault the trial court for failing to rule correctly on an issue it was never given an opportunity to consider." *Ammondson v. Northwestern Corp.*, 2009 MT 331, ¶ 68, 353 Mont. 28, 220 P.3d 1. Lastly, Shelley failed to seek available relief from the District Court under Rule 60. Rule 60(b) provides that "[o]n motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . ." Had Shelley believed that the circumstances surrounding his address re-designation was responsible for his failure to receive notice of the hearing, then Rule 60(b)(1) was a vehicle by which he could have sought relief in the District Court. He did not do so, nor does he expressly argue on appeal that the address snafu resulted in a denial of due process.

¶15 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2006, which provides for memorandum opinions. It is manifest on the face of the briefs and the record that the appeal is without merit because there is clearly sufficient evidence to support the District

Court's findings of fact and the issues are clearly controlled by settled Montana law which the court correctly interpreted.

## CONCLUSION

¶16    For the foregoing reasons, we affirm the District Court's grant of summary judgment and its award of attorney fees and costs to Sterling.

/S/ PATRICIA O. COTTER

We concur:

/S/ MIKE McGRATH
/S/ W. WILLIAM LEAPHART
/S/ JAMES C. NELSON
/S/ JIM RICE